VILLANUEVA ET AL. *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la
Propiedad de Arecibo.

No. 121.—Resuelto en octubre 23, 1912.

OTORGANTE IMPOSIBILITADO DE FIRMAR—FIRMA DE UNA TERCERA PERSONA A
RUEGO DE UN OTORGANTE.—De acuerdo con la sección 14 de la Ley Notarial
de marzo 8, 1906, que es una reproducción del artículo 53 del Reglamento
Notarial de octubre 29, 1873, cuando alguno de los otorgantes de un docu-
mento no supiera o no pudiera firmar, lo expresará así el notario, debiendo
firmar uno de los testigos, escribiendo de su puño en antefirma, que lo hace
por sí, como testigo y a nombre del otorgante que no sabe o no puede veri-
ficarlo.

ID:—FIRMA A NOMBRE DE UN OTORGANTE POR UN TERCERO QUE NO ES TESTIGO
DEL DOCUMENTO.—De acuerdo con la doctrina expuesta en el párrafo an-
terior, un documento en el cual firma a nombre de los otorgantes, por no saber
firmar, una tercera persona que no es uno de los testigos instrumentales,
carece de eficacia legal alguna, y dicho documento adolece de un defecto
insubsanable que impide su inscripción en el registro.

Los hechos están expresados en la opinión.

Abogados de los recurrentes: *Sres. Manuel Paz Urdaz
y Félix Santoni.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Por escritura pública otorgada con fecha 27 de julio del
año 1904 en el pueblo de Ciales, ante el Notario Don Fran-
cisco Prado Morales y testigos instrumentales, Don Salva-
dor Ledesma y Don Ramón Montijo, Doña Eusebia Gonzá-
lez Ríos vendió a Don José Villanueva Bonilla una finca rús-
tica de 6 cuerdas de terreno, según se describe en la mencio-

nada escritura, y en ese mismo documento el comprador con asistencia de su esposa Doña Petronila Otero Miranda, reconoció a favor de Don Juan Montes Núñez un crédito hipotecario que sobre la finca pesaba, habiendo firmado el documento de que se trata, Doña Eusebia González y Don Juan Montes en unión de los testigos instrumentales Ledesma y Montijo y por Don José Villanueva y Doña Petronila Otero, lo hizo Don Pedro Hernández, que no consta fuera testigo, como tampoco su vecindad.

Presentada en el Registro de la Propiedad de Arecibo la mencionada escritura para su inscripción, el registrador la denegó por medio de nota que textualmente dice así:

"Denegada la inscripción de este documento por aparecer firmando a ruego de los otorgantes Don José Villanueva Bonilla y Doña Petronila Otero Miranda, por ignorar ambos el arte de escribir, Don Pedro Hernández, lo que implica nulidad del contrato, por cuanto ha debido hacerlo uno de los testigos instrumentales, firmando por sí como tal y a ruego de dichos otorgantes por no saber, según lo dispone el artículo 27 de la Ley Notarial, concordante con el 53 de su Reglamento, vigentes en la fecha del otorgamiento de dicho documento; y por ese defecto insubsanable se tomó anotación preventiva por término de ciento veinte días en cumplimiento de lo dispuesto en la sección 7ª. de la ley de 1º. de marzo de 1902, al folio 129 del tomo 18 de Ciales, finca número 1004, anotación letra B, Arecibo 7, junio, 1912.   A. Malaret, Registrador sustituto."

Dicha nota está sometida a nuestra consideración mediante recurso gubernativo que contra ella han interpuesto José Villanueva Bonilla y Petronila Otero.

La cuestión envuelta en el presente caso ha sido ya decidida al resolver en 11 de noviembre de 1908 el recurso gubernativo de *Rodríguez* v. *El Registrador de la Propiedad de Ponce,* 14 D. P. R., 738.

En el caso de *Rodríguez* v. *El Registrador de la Propiedad de Ponce,* establecimos que no habiéndose dado cumplimiento a la sección 14 de la Ley Notarial aprobada en 8 de marzo de 1906, preceptiva de que si los otorgantes o alguno de ellos no supiere o no pudiere firmar, lo expresará así el

notario, debiendo firmar uno de los testigos, escribiendo de su puño en antefirma, que lo hace por sí como testigo y a nombre del otorgante que no sepa o no pueda verificarlo, carecía de eficacia legal la firma que a nombre de Don Ezequiel Rodríguez Justiniano puso en el documento Don Adolfo, Grana y Vélez que no era testigo de su otorgamiento y por tanto tal documento adolecía de un defecto insubsanable que impedía su inscripción en el registro.

Ciertamente que dicho documento fué otorgado eñ 30 de enero del año de 1908 cuando ya regía la Ley Notarial aprobada en 8 de marzo de 1906, mientras que la escritura de que hoy se trata fué otorgada en 27 de julio de 1904 y debe regularse por tanto, por la Ley Notarial y Reglamento de 29 de octubre de 1873 que entonces regían.

Pero es que la sección 14 de la Ley Notarial de 8 de marzo de 1906 es una reproducción de preceptos que contenía el artículo 53 del reglamento de 29 de octubre de 1873. La doctrina establecida en el. caso resuelto en 11 de noviembre de 1908, es aplicable al presente, sin que tengamos que modificarla por no haber razón alguna que nos impela a ello.

Por las razones expuestas, procede la confirmación de la nota recurrida, de 7 de junio de 1912.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.