JIMÉNEZ ET AL., RECURRENTES, *v.* EL REGISTRADOR DE AGUADILLA, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad Interino de Aguadilla, denegando la inscripción de una escritura de hipoteca voluntaria.

No. 302.—Resuelto en enero 25, 1917.

HIPOTECA—HIPOTECA SOBRE VARIAS FINCAS—DETERMINACIÓN DE LA CANTIDAD DE QUE CADA FINCA RESPONDE EN PROPORCIÓN A SU CABIDA—DEFECTO SUBSANABLE.—Si bien no es procedente la inscripción en el registro de una hipoteca constituída sobre varias fincas afectas a una misma obligación, en los casos en que no se hubiere determinado previamente la cantidad de que cada finca deba responder, cuando se conviene que las fincas hipotecadas responderán de la obligación en proporción a sus cabidas, determinándose éstas y valorándose las fincas a los efectos de la hipoteca en las mismas cantidades que garantizan, la escritura es inscribible en el registro, aunque con el defecto subsanable de no precisarse en debida forma las cantidades de que responde cada finca, pues la fijación de dichas cantidades no debe dejarse a la deducción del registrador. La forma en que puede subsanarse el defecto la expresa el artículo 164 del reglamento hipotecario.

CIRCUNSTANCIAS PERSONALES — EDAD, ESTADO, PROFESIÓN Y VECINDAD DE LOS OTORGANTES—DEFECTO SUBSANABLE.—Cuando el notario autorizante de un instrumento público se limita a dar fe ''del conocimiento personal de los comparecientes,'' sin que lo haga de la edad, estado, profesión y vecindad de los mismos, está justificado el registrador al calificar dicha omisión como un defecto subsanable a los efectos de la inscripción del documento.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. Angel M. Torregrosa.*

El registrador interino recurrido, Sr. Francisco Socorro, compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Aguadilla la escritura de hipoteca voluntaria otorgada el 12 de agosto de 1916 por Guillermo Abreu y su esposo a favor de Jorge Silva y Manuel Jiménez, el registrador se negó a ello por "el defecto insubsanable de no determinarse claramente la cantidad de que cada una de las fincas hipotecadas ha de responder del gravamen que sobre las mismas se impone, ni distribuirse la parte de crédito que corresponde separadamente a don Manuel Jiménez Serra y don Jorge Silva y Sapia en cada uno de los inmuebles." También consignó el registrador en su nota "el defecto subsanable de no haber dado fe el notario autorizante, de la edad, estado, profesión y vecindad de los otorgantes." Contra ambas calificaciones interpusieron los señores Jiménez y Silva el presente recurso gubernativo.

Examinemos en primer lugar la cuestión relativa al defecto insubsanable. En la escritura de que se trata Abreu confesó hallarse adeudando a Jiménez y a Silva la suma de mil pesos, quinientos a cada uno, y para garantir el pago de la misma, de sus intereses y de doscientos pesos más para costas, gastos y honorarios de abogado, en caso de ejecución, constituyó con el consentimiento de su esposa, hipoteca voluntaria a favor de sus acreedores, sobre dos predios de terreno que se describen debidamente, uno de cincuenta y tres cuerdas cincuenta céntimos y otro de cuatro cuerdas cincuenta céntimos. "Las fincas hipotecadas," dice la escritura, "responden de la deuda, intereses y costas, en proporción a su cabida, y las partes convienen en valorarlas, únicamente a los efectos de esta hipoteca, en las mismas cantidades de que responden." "Y se conviene," dice también la escritura, "que ninguno de los acreedores tenga preferencia para el cobro, sobre el otro."

El artículo 119 de la Ley Hipotecaria, prescribe que:

"Cuando se hipotequen varias fincas a la vez por un sólo crédito, se determinará la cantidad o parte de gravámen de que cada una deba responder.

Y su concordante, el 164 del Reglamento, estatuye que:

"Los registradores no inscribirán ninguna hipoteca sobre bienes diferentes afectos a una misma obligación, sin que por convenio entre las partes, o por mandato judicial en su caso, se determine previamente la cantidad de que cada finca deba responder.

"Las partes podrán acordar la distribución prevenida en el párrafo anterior, en el mismo título que se deba inscribir, o en otro instrumento público o solicitud dirigida al registrador, firmada o ratificada ante él por los interesados.

"La inscripción en estos casos se hará en la forma que prescribe el artículo 252 de este reglamento."

Acepta el recurrente la vigencia de los preceptos transcritos, y sostiene que cumplió con ellos porque de la escritura resulta "que si Abreu dió en hipoteca a Jiménez y a Silva, en garantía de mil dólares, la mitad para cada uno, una finca de cincuenta y tres cuerdas, cincuenta céntimos, y otra de cuatro cuerdas cincuenta céntimos, que deben responder en proporción a su cabida, según los términos del contrato, y sin que ninguno de los dos acreedores tenga preferencia sobre el otro para el cobro, como claramente se determina en el hecho cuarto de la mencionada escritura; lógico es que la finca de mayor cabida responda de novecientos veinte y dos dólares cuarenta y dos centavos de capital, de los intereses correspondientes a esa suma y de ciento ochenta y cuatro dólares cuarenta y ocho centavos para costas, mientras que, la de menor cabida responde únicamente de setenta y siete dólares cincuenta y ocho centavos de capital, intereses de esta suma, y de quince dólares cincuenta y dos centavos para costas; y que de esas sumas la mitad responde del crédito de don Manuel Jiménez Serra, y la otra mitad del de don Jorge Silva Sapia, sin preferencia para ninguno de ellos." Por el contrario, el registrador entiende "que las frases *responderán en proporción a su cabida,* no son lo suficientemente claras como requiere la ley para determinar con exactitud la parte del gravamen que se impone sobre varios inmuebles,

y, por consiguiente, careciendo de dicho requisito, no es inscribible la escritura.''

A nuestro juicio, tiene en parte razón el registrador. La escritura no es tan clara como debiera. La cantidad debe precisarse por los contratantes y no dejarse a la deducción del funcionario encargado de inscribir el documento. Pero si bien esto es así, no puede sostenerse que las partes hayan dejado de cumplir en absoluto el precepto de la ley y del reglamento sobre la matéria, como sucedió en el caso de *Ortiz v. El Registrador de San Germán*, 16 D. P. R. 676, invocado por el régistrador. En tal virtud opinamos que el defecto existente debe calificarse de subsanable y no de insubsanable como lo hizo el registrador. El mismo artículo del Reglamento Hipotecario que dejamos citado, expresa las formas en que puede el defecto subsanarse.

En cuanto al defecto subsanable apuntado por el registrador, existe, a nuestro juicio. Terminantemente prescribe la ley notarial vigente que los notarios darán fe en los instrumentos públicos que otorguen no solo del conocimiento de las partes, si que también de la edad, estado, profesión y vecindad de los otorgantes (sec. 16 de la Ley Notarial de 1906), y en este caso el notario se limitó a dar fe ''del conocimiento personal de los comparecientes.''

Habiendo en consideración todo lo expuesto, debe ordenarse al registrador que verifique la inscripción solicitada con los defectos subsanables de que se deja hecho mérito.

> *Con lugar el recurso en cuanto a la calificación de defecto insubsanable que contiene la nota recurrida y sin lugar en cuanto a la otra calificación de defecto subsanable.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.