Rosa, Recurrente, *v.* Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de la inscripción de dos escrituras de venta.

No. 462.—Resuelto en junio 30, 1920.

Otorgantes Analfabetas—Testigos Instrumentales—Escrituras Públicas.— Por disposición expresa de la ley, cuando los otorgantes de una escritura pública o alguno de ellos no supiere o no pudiere firmar, lo expresará así el notario, debiendo firmar uno de los testigos, escribiendo de su puño, en ante firma, que lo hace por si como testigo y a nombre del otorgante que no sepa o no pueda verificarlo, y en tal virtud está justificado el registrador que se niega a inscribir una escritura en que no se cumple con la disposición indicada.

Los hechos están expresados en la opinión.

Ni el recurrente ni el registrador recurrido han comparecido por escrito.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Eduardo Rosa García presentó en el Registro de la Propiedad de San Juan, Sección Primera, para su inscripción, dos escrituras, una otorgada en 20 de abril de 1880 ante el Notario Bolet Durán por la cual José Beltrán aparece vendiendo a Eladio Caraballo, una finca de quince cuerdas con casa habitación de maderas y pajas, por la suma de sesenta pesos, y otra otorgada en 8 de junio de 1905 ante el Notario Gabriel Guerra por la cual Eladio Caraballo aparece vendiendo a Eladio Rosa García, por la suma de cuarenta y cinco dólares, la finca que adquiriera de Beltrán.

El registrador negó las inscripciones solicitadas "porque la escritura antigua * * * es nula por razón de que no sabiendo firmar los otorgantes y habiendo expresado el no-

tario que a sus ruegos lo hacían los testigos instrumentales, éstos no han consignado en el acto de firmar de su puño y letra que lo verificaban como testigos y a ruego de los primeros," y porque en la escritura de 1905 "ocurre el mismo defecto insubsanable en cuanto al vendedor,   *   *   *   lo cual anula ambos documentos con arreglo a las secciones 14 y 20 de la Ley Notarial, que es reproducción de la anterior en ese particular y conforme también a jurisprudencia aplicable del Honorable Tribunal Supremo de Puerto Rico."

Eduardo Rosa no recogió los documentos y el registrador, de acuerdo con la ley sobre la materia, los elevó a este tribunal.   Ni Rosa ni el registrador han presentado alegatos.

La sección 14 de la Ley Notarial vigente, igual en este respecto a la antigua, Comp. de 1911, pág. 409, dice:

"Si los otorgantes o alguno de ellos no supiere o no pudiere firmar, lo expresará así el notario, debiendo firmar uno de los testigos, escribiendo de su puño, en ante firma, que lo hace por sí como testigo, y a nombre del otorgante que no sepa o no pueda verificarlo."

Y la sección 20, No. 3, en lo pertinente, expresa:

"Serán nulos los instrumentos públicos: 1º.,   *   *   *   ; 2º., *   *   *; 3º.,   *   *   *   o que no aparezcan las firmas de las partes y testigos cuando deban hacerlo,   *   *   *."

La firma de ambas partes en la escritura de 1880 y la del vendedor en la de 1905, no consta en la forma exigida por la ley, y en tal virtud no pueden dichas escrituras recibirse en el registro como documentos públicos.   Esto no quiere decir, desde luego, que los actos a que dichas escrituras se refieren sean, por el defecto apuntado, nulos.   Si en realidad de verdad las transacciones se llevaron a efecto, válidas serán en cuanto a las partes que en ellas intervinieron.

Aunque no se trata de casos enteramente iguales, guardan relación con éste los razonamientos expuestos en las opiniones emitidas en los recursos de *Berríos* v. *El Registrador*, 25 D. P. R. 718; *Banco Territorial* v. *Registrador*, 22 D. P. R. 584; *Villanueva* v. *Registrador*, 18 D. P. R. 831, y

*Rodríguez* v. *Registrador,* 14 D. P. R. 738. Las consideraciones hechas en el caso de *Ortiz* v. *Registrador,* 26 D. P. R. 545, 547, no son aplicables, porque allí, si bien en forma imperfecta, el testigo consignó por sí mismo, según requiere la ley, que lo hacía como tal y a ruego del otorgante que no sabía hacerlo.

Por virtud de lo expuesto debe confirmarse la nota del registrador.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.