FRAGOSO, DEMANDANTE Y APELADO, *v.* MARXUACH, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre nulidad de hipoteca, etc.

No. 2579.—Resuelto en noviembre 16, 1922.

INSTRUMENTOS PÚBLICOS NULOS—FIRMA, SIGNO, RÚBRICA Y SELLO DEL NOTARIO—ESCRITURAS MATRICES — TERCERO. — Una escritura original de hipoteca que lleva la fecha del otorgamiento escrita en lápiz y que no está firmada, signada ni sellada por el notario autorizante, es nula; y su inscripción en el registro de la propiedad mediante copia aunque se haga constar en ella por el mismo notario autorizante que el original está fechado, firmado, signado y sellado por él, es también nula y no puede perjudicar al tercero que adquirió libre de gravámenes la finca objeto de la hipoteca.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Soto Gras & Siaca.*

Abogado del apelado: *Sr. E. H. F. Dottin.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Telémaco Fragoso inició este pleito en solicitud de que se declarara nula cierta escritura de hipoteca constituída sobre una finca urbana de su propiedad e inscrita en el registro. Sostuvo el demandado Asisclo Marxuach su derecho a la hipoteca y a la inscripción, y trabada así la contienda fué el pleito a juicio, dictándose finalmente sentencia declarando la demanda con lugar. El demandado apeló señalando como único error el cometido, a su juicio, por la corte, al pronunciar su sentencia.

De las alegaciones y de las pruebas examinadas en conjunto resulta que el 21 de enero de 1918 Ramón Miranda suscribió a favor de Telémaco Fragoso, el demandante, un pagaré por la suma de mil dólares vencedero el 30 de julio de 1919. No satisfecha la deuda, el acreedor requirió de pago al deudor por acta notarial de 23 de agosto de 1919, y archivó una demanda en la corte de distrito el 10 de septiembre siguiente que terminó por sentencia favorable al acreedor, pronunciada el 20 de octubre de 1919. Mientras se tramitaba el pleito en cobro de pesos contra Miranda, el demandante Fragoso solicitó y obtuvo una orden para asegurar la efectividad de la sentencia que pudiera dictarse y dicha orden trató de cumplirse embargando en el registro una casa y solar sitos en la calle del Culto de Santurce, San Juan, P. R., pertenecientes al deudor. El registrador, el 6 de octubre de 1919, se negó a verificar la anotación solicitada por no constar inscrita aún la propiedad a favor de Miranda, tomando en su lugar anotación de suspensión por el término reglamentario.

Librado mandamiento de ejecución para satisfacer la sentencia de 20 de octubre, se subastó el 26 de diciembre de 1919 la propiedad indicada, y se le adjudicó al demandante por la suma de ochocientos dólares que se abonarían a cuenta del importe de la sentencia. El 12 de enero de 1920 se otorgó la es-

critura de venta judicial de la finca subastada a favor de Fragoso. Dicha escritura no consta inscrita en el registro de la propiedad. Cuando la finca fué subastada, estaba libre de gravámenes en el registro, inscrita no a nombre del deudor Miranda sino a nombre de la persona de quien Miranda derivaba su derecho. Cuando se otorgó la escritura de venta judicial a favor de Fragoso, ya Marxuach había presentado en el registro su escritura de hipoteca, habiendo negado el registrador su inscripción por no constar la finca registrada a nombre del deudor Miranda, o sea, por el mismo motivo que antes había negado la anotación del embargo a favor de Fragoso.

No hay duda alguna con respecto al derecho dominical de Miranda. Tampoco la hay con respecto a que ese derecho se transmitió al demandante Fragoso. La cuestión a resolver es la de si Fragoso adquirió la finca libre de gravámenes o gravada con la hipoteca de Marxuach. ¿Cómo y cuándo se constituyó esa hipoteca?

Según copia certificada expedida por el notario público Manuel Paz Urdaz ante él comparecieron el 31 de mayo de 1918 Ramón Miranda y Acisclo Marxuach hipotecando el primero a favor del segundo la casa de que se trata, para responder de una deuda de mil dólares. La copia expresa la fecha de la escritura y consigna que fué firmada, signada y sellada por el notario autorizante que lo fué el mismo Paz Urdaz.

Dicha copia se presentó en el registro como se ha dicho el 2 de enero de 1920 y se negó su inscripción por el motivo indicado. Luego parece que se inscribió la casa y solar a nombre de Miranda y entonces, el 30 de marzo de 1921, o sea, más de un año después, se inscribió la escritura de hipoteca a favor de Marxuach y surgió este pleito.

Si la copia de que venimos hablando fuera exacta, deberíamos entrar de lleno a resolver el conflicto aplicando las reglas del derecho civil y de la Ley Hipotecaria, pero antes de llegar a ese punto, se hace necesario investigar y resolver una

cuestión fundamental en relación con la escritura original en que se constituyó la hipoteca.

La copia dice que la escritura original está firmada, signada y sellada por el notario y bajo esa base se verificó la inscripción de la hipoteca en el registro, pero es lo cierto que el original tiene la fecha en lápiz y no está firmado, ni signado, ni sellado por el notario.

Siendo esto así ¿puede sostenerse que la hipoteca se constituyó por escritura pública y por tanto que pudo inscribirse en el registro y perjudicar a tercero, o bien es necesario resolver que se trata de un simple documento privado valedero entre las partes, que no pudo inscribirse en el registro ni perjudicar a tercero?

La sección 9 de la Ley Notarial, vigente a la fecha de la escritura de hipoteca y en la actualidad, prescribe:

"Sección 9.—Escritura original es la que redacta el notario sobre el contrato o acto sometido a su autorización, y que firman los otorgantes, los testigos instrumentales, o de conocimiento en su caso, autorizándola el notario ante el que se otorgue, con su firma, signo y sello, no siendo permitido el firmar con marquilla."

Y la 20 de la propia ley dispone:

"Sección 20.—Serán nulos los instrumentos públicos:

"1°. En que haya intervenido como parte el notario que los autorice, o contengan alguna disposición a favor de éste.

"2°. En que sean testigos los parientes de las partes en ellos interesadas, o los parientes, escribientes o criados del notario autorizante.

"3°. En que el notario no certifique sobre el conocimiento de los otorgantes, o no supla esta diligencia con testigos de conocimiento, o en que no aparezcan las firmas de las partes y testigos cuando deban hacerlo, y la firma, signo y rúbrica del notario."

Ante preceptos de ley tan claros y terminantes, no caben interpretaciones más o menos lógicas o tendentes a asegurar la justicia que pueda estar envuelta en determinado caso particular.

No es posible aceptar, como sostiene la parte apelante, que

el hecho de haber expedido el propio notario la copia bajo su firma, signo y sello, suplió la deficiencia del original. El original es la base, lo que queda, lo que forma el protocolo, lo que permanece en el archivo del notario y luego va al archivo general, aquello en que puede confiarse, el verdadero documento público del cual emana el otro documento público que se llama copia. La copia debe ser conforme al original. Consignar en una copia algo que en el original no existe, es sencillamente una falsedad. No importa que el notario tuviera la intención de firmar. La ley no se limitó a la intención, o a la deducción, sino que exigió la realidad de la firma, signo y sello puestos en el acto mismo del otorgamiento.

Siendo, pues, nula la escritura de hipoteca como documento público, nula necesariamente es también su inscripción en el registro. El contrato queda reducido a un documento privado que no perjudica a tercero. Fragoso adquirió la finca libre de gravámenes y su derecho debe serle reconocido por las cortes.

Procede por el motivo expresado, la confirmación de la sentencia recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.