JOHANN D. STUBBE, demandante y apelado, *v.* PEDRO GANDÍA CÓRDOVA, demandado y apelante.

No. 4108.—*Visto:* Abril 22, 1927. *Resuelto:* Junio 25, 1927.

1. CONTRATOS—REQUISITOS Y VALIDEZ—REQUISITOS FORMALES—NECESIDAD DE QUE SE OTORGUE EN ESCRITURA PÚBLICA—ACCIÓN PARA COMPELER EL OTORGAMIENTO RECÍPROCO ENTRE LAS PARTES—DERECHO DE ACCIÓN.—La persona a cuyo favor se ha hecho una adjudicación de inmuebles por escrituras públicas en las cuales el notario no da fe de conocer los otorgantes, tiene derecho de acción contra el otro contratante para compelerle a otorgar nuevamente dichas escrituras.

2. CONTRATOS—REQUISITOS Y VALIDEZ—REQUISITOS FORMALES—NECESIDAD DE QUE SE OTORGUE EN ESCRITURA PÚBLICA—ACCIÓN PARA COMPELER EL OTORGAMIENTO RECÍPROCO ENTRE LAS PARTES—DERECHO DE ACCIÓN.—Un contratante no puede ser privado de su derecho a compeler al otro a otorgar nuevamente unas escrituras sobre transmisiones de inmuebles en las cuales no se dió fe del conocimiento de los otorgantes porque tal defecto pueda corregirse por el notario mediante acta notarial a virtud de una Real Orden de 1883 que no tiene valor alguno actual y que está contra las prescripciones del artículo 1246 del Código Civil.

3. SENTENCIA—INTERPRETACIÓN Y "OPERATION"—EN GENERAL.—Una sentencia que compele al otorgamiento nuevamente de escrituras sobre transmisión de inmuebles en las cuales no se dió fe del conocimiento de los otorgantes, subsanando y corrigiendo el defecto de que adolecen, debe entenderse no en el sentido de que el demandado sea el que subsane y corrija el defecto sino en el de que se otorguen las escrituras de nuevo ante notario subsanando éste dicho defecto.

4. SENTENCIA—CASOS CONTENCIOSOS *(On Trial of Issues)*—CONGRUENCIA CON LAS DILIGENCIAS *(Process)*, ALEGACIONES, PRUEBAS Y VEREDICTOS Y CONCLUSIONES—CONGRUENCIA CON LAS ALEGACIONES.—Entablado pleito para subsanar un defecto en una escritura, la sentencia que dispone se otorguen aquéllas de nuevo es congruente con las alegaciones no obstante pedirse en la súplica que el demandado otorgue nueva escritura ratificando las anteriores.

Sentencia de *Miguel A. Muñoz,* J. (San Juan), declarando con lugar la demanda en parte, sin costas. *Confirmada.*

*Juan B. Soto,* abogado del apelante; *Henry G. Molina,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El demandante desistió en el juicio de la reclamación que hacía por daños y perjuicios por lo que prescindiremos de ella y nos limitaremos al otro particular de su reclamación.

Por escritura No. 28 de 24 de julio de 1916 otorgada por Don Johann D. Stubbe y por Don Pedro Gandía ante el notario Don Cayetano Coll y Cuchí, aquéllos, como únicos socios de la mercantil Gandía & Stubbe inscrita en el Registro Mercantil, acordaron disolverla y liquidarla antes de su vencimiento y se adjudicaron bienes, habiendo correspondido al socio Stubbe como parte de su haber unos terrenos tras Miramar y fincas, sin que ni aquéllos ni éstas fueran descritos. En 26 de septiembre de igual año y ante el mismo notario otorgaron dichos señores otra escritura aclaratoria de la anterior en la que fueron descritas trece fincas en el municipio de la Cidra como adjudicadas a Stubbe en la escritura anterior. En ambas escrituras el notario dejó de dar fe de conocer a los otorgantes.

En la demanda de este pleito establecido por Don Johann D. Stubbe contra Don Pedro Gandía se copian dichas escrituras, y alegando la falta en ellas de haber dejado el notario de dar fe del conocimiento de los otorgantes, a pesar de serles conocidos; que por eso quedaban convertidas en documentos privados entre las partes y que conteniendo transmisiones de bienes éstas debían constar en documentos públicos para que pudieran perjudicar a terceros y ser inscribibles en los registros públicos correspondientes, solicitó que el tribunal declarase subsanado dicho defecto por cuanto el notario poseía el conocimiento personal de los otorgantes y que ordenase a Don Pedro Gandía que otorgase escri-

tura ratificando las dos antes relacionadas y un acta aclaratoria haciendo constar la descripción exacta de todas y cada una de las fincas que fueron adjudicadas al demandante Stubbe por virtud de la escritura de disolución dicha.

El demandado formuló excepción contra la demanda por el fundamento de no aducir hechos determinantes de causa de acción y se opuso a la reclamación que se le hace, celebrándose después el juicio y recayendo sentencia condenando al demandado a otorgar de nuevo ante notario las dos escrituras que han originado este pleito, subsanando y corrigiendo el defecto de que adolecen.

Apeló Gandía de esa sentencia y nos presentó su alegato en apoyo de su recurso, sin que el apelado haya presentado alegato ni comparecido a la vista de esta apelación.

[1, 2] Alega el apelante como primer motivo de error el haber sido desestimada su excepción previa a la demanda, y se funda en que siendo el requisito de dar fe el notario del conocimiento de los otorgantes una solemnidad intrínseca, la única manera de subsanar este error es otorgando el mismo notario un acta expresando tal conocimiento por lo que no existe causa de acción contra el apelante para condenarlo a otorgar de nuevo las escrituras, tanto más cuanto que no se alega que el contrato sea nulo.

Según la sección 16 de la Ley Notarial los notarios darán fe en los instrumentos públicos de que conocen a las partes, o de que se han asegurado de su conocimiento por el dicho de los testigos instrumentales o de otros dos que las conozcan, que se llamarán testigos de conocimiento: y la sección 20, No. 3º, declara nulos los instrumentos públicos en que el notario no certifique sobre el conocimiento de los otorgantes, o no supla esta diligencia con testigos de conocimiento.

En vista de esos preceptos legales no puede haber duda de que las dos escrituras a que venimos refiriéndonos son nulas como instrumentos públicos por no haber dado fe el notario de conocer a los otorgantes, aunque subsistan como

contratos privados entre las partes (*Fragoso* v. *Marxuach,* 31 D.P.R. 195; *Del Río Torres* v. *Sucesión Cancel,* 36 D. P.R. 519); y como para poder ser inscritas en el registro de la propiedad las transmisiones de bienes inmuebles es necesario que consten en documento público por exigirlo así el Código Civil en su artículo 1247, enmendado en 1912, y la Ley Hipotecaria en su artículo 3, resulta claro que el apelado tiene derecho a que conste en documento público la adjudicación de bienes inmuebles hecha a su favor en la escritura de disolución y liquidación de la sociedad mercantil Gandía & Stubbe y también la descripción de los inmuebles hecha en la otra escritura aclaratoria de la anterior y tiene acción para que su demandado sea condenado a otorgar nuevamente esas dos escrituras defectuosas y nulas como instrumentos públicos, ya que el artículo 1246 del Código Civil le concede el derecho de compeler a Gandía a que haga constar en documento público los contratos entre ellos celebrados, que ya hemos mencionado, sin que esté privado de ese derecho por el hecho de que el notario que autorizó dichas escrituras pueda corregir el defecto de que adolecen mediante un acta notarial en que dé fe del conocimiento de los otorgantes, de acuerdo con la Real Orden dictada en España el 13 de julio de 1883 por varias razones: porque esa Real Orden no tiene valor en esta isla después de haber sido promulgada nuestra ley notarial: porque en aquélla no se impone al notario el deber de otorgar dicha acta notarial sino simplemente le concede la facultad de hacer tal cosa: y porque el artículo 1246, *supra,* concede sin limitación alguna a los contratantes el derecho recíproco de compelerse al otorgamiento de escritura pública, cuando ésta es exigida por la ley. Por consiguiente, la demanda aduce hechos determinantes de causa de acción.

[3] En el segundo motivo del recurso se dice que la corte inferior cometió error al fallar que es el demandado y no el notario quien debe otorgar escritura subsanando el

error cometido por el notario al no dar fe del conocimiento de los otorgantes.

Lo que dice la sentencia es que ''el demandado otorgue nuevamente ante notario una escritura de disolución y liquidación de sociedad que esté en exacta concordancia con la escritura número veinte y ocho, de disolución y liquidación de sociedad mercantil, otorgada en San Juan, Puerto Rico, a los veinte y cuatro días del mes de julio de mil novecientos diez y seis, ante el notario Cayetano Coll y Cuchí, subsanando y corrigiendo el defecto de que la misma adolece'' e igual pronunciamiento hizo en cuanto a la otra escritura; pero no entendemos que de esas palabras se deduzca que sea el demandado el que ha de subsanar y corregir el defecto sino que se otorguen las escrituras de nuevo ante notario subsanando el notario, no el demandado, dicho defecto.

[4] En el tercero y último motivo de la apelación se alega que la sentencia es errónea porque condena a más de lo que solicitó el demandante, pero esto no es así. El pleito se estableció para que fuese subsanado el defecto que tenían las escrituras y por tanto la sentencia que se dictó es congruente con las alegaciones de la demanda al disponer que se otorguen de nuevo, aunque en la súplica de aquélla se pidiese que el demandado otorgue nueva escritura ratificando las dos anteriores.

La sentencia apelada *debe ser confirmada.*