In re ÁNGEL FERNÁNDEZ ORTIZ, Notario Público.

Número 155-B.
*Sometido:* 19 de abril de 1954. *Resuelto:* 11 de mayo de 1954.

*Ángel Fernández Ortiz, pro se.*

*Per Curiam:* El Inspector de Protocolos Artemio P. Rodríguez ha rendido a este Tribunal varios informes escritos con relación a los protocolos del notario Ángel Fernández Ortiz para los años 1944, 1945, 1946, 1947, 1948, 1949, 1950, 1951 y 1952. En esos informes el Inspector indica que ha notado varias irregularidades en esos protocolos. Este Tribunal, el 26 de marzo de 1954, dictó una resolución requiriendo del

notario Fernández Ortiz que mostrase causas por las cuales no deba ser corregido disciplinariamente. Fernández Ortiz radicó en este Tribunal una Contestación pero en ella no niega adecuadamente ni aclara ni justifica debidamente la comisión de un gran número de irregularidades e infracciones a la Ley Notarial. Esas irregularidades, prácticamente admitidas o no explicadas debidamente por Fernández Ortiz, son en síntesis, las siguientes:

(1) Falta la rúbrica del notario en la primera cara del primer pliego de los protocolos de los años 1944, 1945 y 1949, en contravención de lo dispuesto en la sección 30 de la Ley Notarial a la cual nos referiremos de ahora en adelante como "la ley".

(2) Falta la rúbrica del notario en la totalidad de las escrituras de todos los protocolos de los años 1944 al 1952, no habiendo puesto el notario su rúbrica en ninguna de las hojas o folios de todas esas escrituras, y falta el signo del notario en todas las escrituras de los protocolos de los años 1944, 1945 y 1946, y en una escritura del protocolo del año 1952, todo ello en forma contraria a lo dispuesto en las secciones 9, 12 y 20 de la ley. (*Cf. Delannoy* v. *Registrador*, 26 D.P.R. 555; *Fragoso* v. *Marxuach*, 31 D.P.R. 195.)

(3) No aparecen las iniciales de los otorgantes en algunas de las hojas o folios en varias escrituras de los protocolos de los años 1944, 1945, 1946, 1948, 1949 y 1950, en forma contraria a lo dispuesto en la sección 9 de la ley (aunque tal omisión no está incluída expresamente como causa de nulidad en la sección 20).

(4) En varias escrituras de los protocolos de los años 1944 al 1950, ambos inclusive, hay enmiendas y correcciones que no han sido debidamente salvadas por el notario, en contravención de la sección 18 de la ley.

(5) En una escritura de compraventa del año 1944 no se expresa a quién se vende.

(6) En varias escrituras de los protocolos de los años 1945 al 1950, ambos inclusive, en que aparentemente, los otorgantes no saben o no pueden firmar, el notario no expresa que los otorgantes no saben o no pueden firmar, siendo tal omisión contraria a lo dispuesto en la sección 14 de la ley. (*Rosa* v. *Registrador*, 28 D.P.R. 712; *Villanueva* v. *Registrador de la Propiedad*, 18 D.P.R. 831.)

(7) En varias escrituras en los protocolos de los años 1945, 1948, 1949 y 1950, no se hace constar el nombre del cónyuge del otorgante adquirente en contravención de lo dispuesto en la sección 16 de la ley. *Mattei* v. *Registrador*, 38 D.P:R. 464.

(8) En varias escrituras de los protocolos de los años 1945, 1946, 1948 y 1949 el notario no da fe del estado de los otorgantes, no indicándose en algunas de esas escrituras cuáles son las circunstancias personales de los otorgantes, todo ello en forma contraria a lo dispuesto en la sección 16 de la ley. *Jiménez et al* v. *El Registrador*, 24 D.P.R. 717.

(9) En varias escrituras de los protocolos de los años 1947 y 1948 el notario no consigna el nombre de los testigos, como lo exige la sección 10.

(10) En una escritura del protocolo del año 1948, y en tres escrituras del protocolo del año 1950, siendo tales escrituras de Protocolización de Poder, no se incorporó a los protocolos los documentos protocolizados.

(11) En una escritura del protocolo del año 1948, el notario expresa que determinada persona no sabe firmar y pone sus huellas, pero en la escritura de esa misma persona aparece firmando, y no aparecen tales huellas en la escritura.

(12) En una escritura del protocolo del año 1948, el notario expresa que ciertas personas son testigos, pero aparece otra persona firmando como testigo.

Considerando el efecto acumulativo de las irregularidades e infracciones a la Ley Notarial cometidas por el notario Ángel Fernández Ortiz que no han sido negadas por él, él

debe ser corregido disciplinariamente bajo la sección 38 de la Ley Notarial, según fué enmendada por la Ley núm. 389 de 9 de mayo de 1951. Leyes del 1951, págs. 957, 965 y 966. Él no actuó con celo y cuidado en el ejercicio del notariado, y sus actuaciones y omisiones demuestran tal grado de descuido que debe ser objeto de acción disciplinaria. No concurren en este caso las circunstancias atenuantes que prevalecían en el caso de *In re Lacot Salgado*, 73 D.P.R. 47. De otro lado, no se ha demostrado que el notario Fernández Ortiz haya actuado con mala fe al cometer las infracciones a la ley ya señaladas, ni que persona alguna haya sufrido perjuicio de clase alguna como resultado de esas irregularidades. *Considerando las circunstancias totales de este caso, debe suspenderse al notario Ángel Fernández Ortiz de su cargo de notario por un término de tres meses.*

El Juez Asociado Sr. Marrero no intervino.